UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**ENTERED**

MAR 3 1 2004

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

JOHN R. RISING-MOORE,  )
    Plaintiff,  )
      )
vs.  )   IP 1:03-CV-00707-SEB-JPG
      )
RED ROOF INNS, INC.,  )
    Defendant.  )

## ORDER DENYING MOTION TO REMAND

This is a personal injury case. Plaintiff slipped and fell on Defendant's business premises and, according to the complaint, suffered damages in the form of medical expenses (estimated to be just shy of $10,800.), lost income (plaintiff estimated that his total annual income prior to the accident was $175, 000., though it is unclear how much of that amount came from wages and would be lost by his inability to work), pain and suffering from "severe and permanent injuries, including a closed head injury and related neurological impairment," and "other losses." Prior to the filing of the Complaint, Plaintiff estimated the jury verdict potential of his claim as ranging from $180,000 to $240,000, and offered to settle for $160,000.

Defendant removed the case to federal court. Plaintiff seeks remand, contending there has not be a definitive showing that the amount in controversy exceeds the jurisdictional amount of $75,000.

Case law requires us to determine whether the evidence establishes a "reasonable

probability" that the amount in controversy requirement is satisfied. <u>NLFC v. Devcom Mid-Am, Inc.</u>, 45 F.3d 231, 237 (7th Cir. 1995). In damages actions, such as the one before us, the court must be certain that the plaintiff cannot recover the jurisdictional amount before dismissing the case or remanding it after removal. <u>Mackin ex. rel. Macken v. Jensen</u>, 333 F.3d 797, 800 (7th Cir. 2003), citing <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938). We cannot say that plaintiff here cannot recover an amount that exceeds the jurisdictional limit of $75,000.

There are several indicators that the amount in controversy exceeds the jurisdictional limit. Without deciding the appropriateness of pinning the jurisdictional amount determination to plaintiff's pre-filing settlement proposal of $160,000, Plaintiff expressed the view that this lawsuit had a value in the range of $180,000 to $240,000, more than three times the jurisdictional limit. (Exhibit B to Defendant's Response, which reads, "We believe this case has jury verdict potential in the range of $180,000 to $240,000.")  That evaluation was not a settlement offer; the settlement offer was $160,000. The valuation range was likely provided by Plaintiff's counsel to give credence to the reasonableness of the settlement offer, but it plainly was an amount distinguishable from the settlement offer. We know of no reason not to credit that value in determining the amount in controversy.

Further, Plaintiff's stipulated medical damages must be considered fairly substantial (an amount apparently exceeding $10,000), which sum, when added to the

other very serious injuries for which a monetary recovery is claimed, clearly and quickly causes us to conclude that the overall, total money damages in this cases likely exceed the $75,000 limit. Adding damage increments for lost income, pain and suffering, permanent head and neurological impairments, and "other losses" (whatever that means), the jurisdictional limit of $75,000 is clearly implicated.

This case is not analogous to the situation which Judge Easterbrook confronted in writing for the Court of Appeals in Macken, supra. There, the 7th Circuit was faced with an original action invoking the district court's diversity jurisdiction seeking injunctive/equitable relief. Plaintiffs sought an accounting and the handing over of unredacted trust documents by the trustee to allow the mother of the children named in the trust to determine if the trust was being properly and prudently managed and the income applied according to the trust's terms. There was no amount in controversy as such, since no value could be placed on this information or the delivery of it to the mother. The district judge's decision dismissing the suit for want of subject-matter jurisdiction was affirmed by the Court of Appeals.

The principles cited by Judge Easterbrook in Macken do not directly apply to our case, because Plaintiff in the action at bar seeks money damages rather than equitable relief and dollar estimates are available. Because the value of the case in controversy as known to Defendant at the time the removal petition exceeded the jurisdictional limit of $75,000., the removal was well-grounded and remand is improper. The Motion to

Remand accordingly is **DENIED**.

It is so ORDERED this ___30th___ day of March 2004.

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copy to:

Counsel of record subject to electronic service